**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHELLE MCKOY | ) |
|             Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE LAW OFFICE OF KEVIN Z. SHINE, | ) |
| PLLC, AND KEVIN Z. SHINE, | ) |
| | ) |
|             Defendant. | ) |

Case No. <u>1:12-cv-00026-PAE</u>
ECF CASE

**COMPLAINT**

**Jury Trial Demanded**

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, RICHELLE MCKOY ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of South Ozone Park.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, THE LAW OFFICE OF KEVIN Z. SHINE, PLLC ("LAW OFFICE") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. LAW OFFICE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, KEVIN Z. SHINE ("SHINE") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Upon information and belief:

a. SHINE was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

b. SHINE was personally involved in the collection of Plaintiff's debt.

c. SHINE was materially involved in the collection of Plaintiff's debt.

d. SHINE materially participated in LAW OFFICE's debt collection activities.

e. SHINE was involved in the day-to-day operations of LAW OFFICE's debt collection business.

f. SHINE exercised control over the affairs of LAW OFFICE's debt collection business.

10. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

15. Upon information and belief, SHINE is the owner of LAW OFFICE.

16. Upon information and belief, SHINE is and was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

17. Upon information and belief, SHINE is and was personally involved in the collection of Plaintiff's debt.

18. Upon information and belief, SHINE is and was materially involved in the collection of Plaintiff's debt.

19. Upon information and belief, SHINE is and was materially participating in LAW OFFICE'S debt collection activities.

20. Upon information and belief, SHINE is and was involved in the day-to-day operations of LAW OFFICE's debt collection business.

21. Upon information and belief, SHINE is and was exercising control over the affairs of LAW OFFICE's debt collection business.

22. In connection with collection of an alleged debt in default, Defendant LAW OFFICE called Plaintiff's cellular phone on October 17, 2011 at 10:20 A.M., and at such time, left the following voicemail message:

> "Good morning. My name is Mr. [inaudible] calling with the Law Office of Kevin Shine. The message that I'm leaving is intended only for Richelle J. McKoy. Uh, Miss McKoy, ma'am, my call is referencing a matter that our law firm did receive here, which, does only pertain to yourself, ma'am. [inaudible] to return our call here as soon as possible, Miss McKoy. Today is Tuesday the 18th here of October. I will be available here in the law firm, ma'am, until 5:00 this evening. You can respond here, Miss McKoy, at 716-204-4260. I have a direct extension being 112. Again I do hope I hear back from you Miss McKoy."

23.     In its voicemail message of October 17, 2011, LAW OFFICE failed to inform Plaintiff that the communication was from a debt collector.

24.     In failing to disclose that LAW OFFICE is a debt collector, LAW OFFICE failed to meaningfully disclose its identity in its voicemail message of October 17, 2011.

25.     In its voicemail message of October 17, 2011, LAW OFFICE further failed to state that said call was for the purposes of obtaining location information.

26.     In its voicemail message of October 17, 2011, LAW OFFICE conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

27.     The October 17, 2011 telephone call was LAW OFFICE's initial communication to Plaintiff.

28.     Defendant LAW OFFICE, itself and on behalf of Defendant SHINE, called Plaintiff's cellular phone on October 18, 2011 at 8:27 A.M., and at such time, left the following voicemail message:

> "Good morning. My name is Mr. [inaudible] calling with the Law Office of Kevin Shine. The message that I'm leaving is intended only for Richelle J. McKoy. Uh, Miss McKoy, ma'am, my call is referencing a matter of yours that our law firm did receive here. Ms. McKoy [inaudible] speaking with you in a timely fashion. If you can return my call promptly upon receipt of this message, Ms. McKoy, ma'am. Today is Tuesday the 18th of October. The law firm is open until 5 o'clock here this evening. If you return the call, Ms McKoy, I am reachable here at 716-204-4260, and I have a direct extension, ma'am, of 112. Again, most importantly that we receive some type of response from you Ms. McKoy. 716-204-4260 and then office extension 112. You have a good day Ms. McKoy."

29.     In its voicemail message of October 18, 2011, Defendants failed to inform Plaintiff that the communication was from a debt collector.

30. In failing to disclose that Defendant LAW OFFICE is a debt collector, Defendants failed to meaningfully disclose its identity in its voicemail message of October 18, 2011.

31. In its voicemail message of October 18, 2011, Defendants further failed to state that said call was for the purposes of obtaining location information.

32. In its voicemail message of October 18, 2011, Defendants conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

33. As a result of LAW OFFICE's voicemail messages, Plaintiff telephoned LAW OFFICE on October 18, 2011.

34. Upon telephoning LAW OFFICE, Plaintiff was then informed that LAW OFFICE was attempting to collect a debt on an alleged Visa Credit Card.

35. During the October 18, 2011 telephone call, LAW OFFICE demanded that Plaintiff pay the full balance of $1,239.56 by October 31, 2011.

36. LAW OFFICE further threatened that Plaintiff's failure to pay the balance in full by October 31, 2011 would result in LAW OFFICE filing a lawsuit against Plaintiff causing Plaintiff to owe a substantial amount of attorneys' fees and costs.

37. LAW OFFICE sent Plaintiff correspondence dated October 20, 2011, containing the notices required under 15 U.S.C. § 1692g.

38. LAW OFFICE's October 20, 2011 letter failed to describe how the notices provided by 15 U.S.C. § 1692g were effected by LAW OFFICE's demand for payment of the balance in full by October 31, 2011.

39. LAW OFFICE's demand of payment in full within the thirty day dispute period overshadowed the notices required by 15 U.S.C. § 1692g.

40. Defendant LAW OFFICE, itself and on behalf of Defendant SHINE, called Plaintiff's cellular phone on October 19, 2011 at 3:52 P.M., and at such time, left the following voicemail message:

> "Hello. Jason Main calling with the Law Office of Kevin Shine. My message here is for Richelle McKoy. I was trying to touch base with you, Ms McKoy. Ah, we spoke yesterday, again, in the hope that our law firm can get this matter resolved with you voluntarily. And our return call number again Ms. McKoy 888-201-6643 and my office extension of 112. Have a good day Ms. McKoy."

41. In its voicemail message of October 19, 2011, Defendants failed to inform Plaintiff that the communication was from a debt collector.

42. In failing to disclose that Defendant LAW OFFICE is a debt collector, Defendants failed to meaningfully disclose its identity in its voicemail message of October 19, 2011.

43. In its voicemail message of October 19, 2011, Defendants further failed to state that said call was for the purposes of obtaining location information.

44. In its voicemail message of October 19, 2011, Defendants conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

45. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)
## LAW OFFICE

46. Plaintiff repeats and re-alleges each and every allegation contained above.

47. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692(d)(6)
## SHINE

48. Plaintiff repeats and re-alleges each and every allegation contained above.

49. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)
## LAW OFFICE

50. Plaintiff repeats and re-alleges each and every allegation contained above.

51. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)
## SHINE

52.     Plaintiff repeats and re-alleges each and every allegation contained above.

53.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)
## LAW OFFICE

54.     Plaintiff repeats and re-alleges each and every allegation contained above.

55.     Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)
## SHINE

56.     Plaintiff repeats and re-alleges each and every allegation contained above.

57.     Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
### VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)
### LAW OFFICE

58.     Plaintiff repeats and re-alleges each and every allegation contained above.

59.     In the alternative, Defendant violated 15 U.S.C. §§ 1692b, 1692c(b) when in connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted a third party for purposes other than obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b, 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)
## SHINE

60.     Plaintiff repeats and re-alleges each and every allegation contained above.

61.     In the alternative, Defendant violated 15 U.S.C. §§ 1692b, 1692c(b) when in connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted a third party for purposes other than obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b, 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692g(b)
## LAW OFFICE

62.    Plaintiff repeats and re-alleges each and every allegation contained above.

63.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)    Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)    Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692g(b)
## SHINE

64.    Plaintiff repeats and re-alleges each and every allegation contained above.

65.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

66.    Plaintiff is entitled to and hereby demands a trial by jury.

This __29__ᵗ day of __December__, 2011.

ATTORNEYS FOR PLAINTIFF
*RICHELLE MCKOY*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5ᵗʰ Floor
New York, NY 10004

*Please send correspondence to the address below*

    Dennis R. Kurz
    NY Bar No. 4570453
    ***Weisberg & Meyers, LLC***
    Attorneys for Plaintiff
    5025 N. Central Ave. #602
    Phoenix, AZ 85012